IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBIN MAROCCHINI,      )<br>                                           )<br>     Plaintiff,             )<br>                                           )<br>vs.                                    )   CIVIL ACTION NO. 20-0356-CG-B<br>                                           )<br>ROBERT C. BROWN AND ROBERT )<br>C. BROWN, MD, P.C., d/b/a/ BROWN, )<br>PERSON & GUEPET GYNECOLOGY )<br>AND UROGYNECOLOGY,         )<br>                                           )<br>     Defendant.             ) | |

## ORDER

This matter is before the Court on Plaintiff's motion to amend her complaint (Doc. 36), Defendants' objection thereto (Doc. 39), and Plaintiff's reply (Doc. 40). For the reasons explained below, the Court finds that the motion to amend should be granted.

## BACKGROUND

Plaintiff filed her complaint on July 15, 2020 asserting a claim under the Alabama Medical Liability Act. (Count I), a claim for negligence and wantonness (Count II), for assault and battery and trespass to person (Count III), and for loss of consortium (Count IV). (Doc. 1). Plaintiff's allegations concern her treatment by Defendant Dr. Robert Brown for vaginal prolapse. Plaintiff alleges that during surgery to repair her prolapse Dr. Brown was surprised to find that Plaintiff still had her ovaries and without asking permission or having had any prior discussion

with Plaintiff about removing her ovaries, Dr. Brown removed the Plaintiff's ovaries. (Doc. 1, PageID.3). On July 20, 2020, Plaintiff filed an amended complaint to include additional factual allegations concerning the citizenship of each party to support the assertion of diversity jurisdiction. (Docs. 5, 6). The amended complaint asserted the same causes of action against the same defendants as the original complaint. (Doc. 6).

The Rule 16(b) Scheduling Order in this case mandates that any motion to amend the pleadings under FED. R. CIV. P. 15(a)(2) must be filed no later than January 15, 2021. (Doc. 28, PageID.147). On January 4, 2021, before the amendment deadline, Plaintiff filed the current motion to amend her complaint pursuant to Rule 15 to "account for the significant factual developments that have occurred since the original complaint was filed." (Doc. 36). The proposed amended complaint maintains the same causes of action against the same defendants as the original complaint.

## DISCUSSION

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Redman Home Builders Co. v. Lewis*, 513 F. Supp. 2d 1299, 1313 (S.D. Ala. 2007) (citing *Laurie v. Alabama Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001)). 'However, Rule 15(a) tempers the court's discretion by directing that 'leave shall be freely given when justice so requires.' " *Id.* (citing *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). The Court must have a substantial reason to deny a motion to amend. *Id. (citing Laurie*, 256 F.3d at 1274) .

2

"Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.' " *Redman*, 513 F. Supp. 2d at 1313 (quoting *Foman v Davis*, 371 U.S. 178, 182 (1962)).

Defendants object to only part of the proposed amendment. Specifically, they object to allegations in paragraph 19 and 23(n). Paragraph 19 alleges that after Plaintiff's surgery, Dr. Brown entered into Plaintiff's medical record a diagnosis of female pelvic inflammatory disease (PID), which Plaintiff contends she did not suffer from, and although the doctor's entry notes that the diagnosis was made during a pre-op appointment it was never discussed with Plaintiff and no medicines were prescribed to treat PID. (Doc. 36-2, PageID.196). Paragraph 23(n) alleges under Plaintiff's Alabama Medical Liability Act in Count I that the standard of care owed to Plaintiff was breached by among other things, "[f]ailing to maintain an accurate medical record as required by § 34-24-504, *Ala. Code* 1975." (Doc. 36-2, PageID.198). Defendants assert that this proposed amendment alleges a wrongdoing without injury. Defendants argue that since she was never prescribed medication or treated for PID, she was not injured by the alleged inaccurate medical record.

Defendants' arguments are essentially that this portion of the amendment would be futile because she could not base a medical liability claim on a failure that resulted in no injury. Defendants are correct that "to present a jury question, the

3

plaintiff in a medical-malpractice action must adduce some evidence indicating that the alleged negligence (the breach of the appropriate standard of care) probably caused the *injury.*" *Looney v. Moore*, 886 F.3d 1058, 1062 (11th Cir. 2018) (emphasis added). The Alabama Medical Liability Act specifically states that "[a] breach of the standard of care is the failure by a health care provider to comply with the standard of care, which failure proximately causes personal injury or wrongful death." Ala. Code § 6-5-542(2). "In short, the text of the statute requires a 'personal injury or wrongful death' before a medical malpractice action can be viable. *Looney*, 886 F.3d at 1065 (footnote omitted).

Leave to amend may be denied where a proposed amended complaint is futile because it fails to state a claim. *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1042 (11th Cir. 1986); *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 n.10 (11th Cir. 2000)("[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). Leave to amend should be denied on the ground of futility "only if [the] proposed amendment is 'clearly insufficient or frivolous on its face.'" S*outhwest Ala. Behavioral Health Care Sys. v. Netsmart Techs., Inc.*, 2015 WL 7721220, *1 (S.D. Ala. Nov. 30, 2015) (citations omitted).

However, in the instant case, the alleged failure is only one basis for which Plaintiff claims liability under the Alabama Medical Liability Act. Plaintiff's Medical Liability claim is based on many alleged breaches of the standard of care and there is clearly an alleged injury that resulted from those alleged breaches. Thus, the claim asserted in Count I does not fail for lack of an alleged injury. If Dr.

4

Brown failed to note the fact prior to surgery or added the diagnosis after surgery presumably in an attempt to supply false support for his actions, that fact, whether or not it is a basis for a cause of action in and of itself, adds color to the circumstances surrounding Plaintiff's claims and explains the notations in Plaintiff's medical records which may become important evidence in this case.

As to the allegation that liability results from defendants' failure to maintain an accurate medical record, the Court finds the claim is not clearly insufficient or frivolous on its face. The Court notes that the claim does not specifically reference the alleged inaccurate posting of the PID diagnosis but merely references all of the prior factual allegations in the complaint. It may be possible that Plaintiff's injury was caused in part by the fact that Dr. Brown failed to discuss issues relating to her ovaries and risks associated with removal of them prior to surgery because Defendants had failed to enter accurate information into her medical record. It is unclear to the Court whether a notation in Plaintiff's record of the PID diagnosis prior to surgery would have (or should have) prompted further evaluation or a discussion about the possible removal of Plaintiff's ovaries. Whether the failure to record relates to her supposed PID diagnoses or simply to the failure to record the fact that she had ovaries, a review of Plaintiff's medical records prior to surgery by Dr. Brown and other medical workers allegedly did not prompt an appropriate discussion about Plaintiff's ovaries and the risks of and reasons to remove them. Dr. Brown was allegedly surprised during the surgery to find that although Plaintiff had had a hysterectomy, she still had ovaries, a fact that was either not clearly

noted in her medical records or was not properly reviewed or evaluated by Dr. Brown prior to surgery. The undersigned judge does not have a medical degree and without expert testimony cannot determine the proper standard of care, the cause of Plaintiff's alleged injury, or otherwise properly and fully evaluate Plaintiff's medical liability claims. At this time, the Court does not find that the claims asserted in the proposed amended complaint are subject to dismissal or are clearly insufficient or frivolous on their face.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to amend her complaint (Doc. 36), is **GRANTED**.

**DONE** and **ORDERED** this 17th day of March, 2021.

/s/ Callie V. S. Granade  
SENIOR UNITED STATES DISTRICT JUDGE